FERDINAND RIEBLING.
v.
HARLAN P. TRACY.

1. TROVER—BILL OF SALE.—Where a corporation gave its acceptance of draft and a bill of sale of 80,000 pounds of wrapping paper to secure the said acceptance, the bill of sale reciting that the company held the wrapping paper in its basement in trust as security for the payment of the said acceptance, and the company afterward made an assignment under the statute on suit in trover by the holder of the acceptance against the assignee. *Held*, that trover could be maintained for the 80,000 pounds, although that quantity had not been separated from the bulk.

2. EVIDENCE—PAROL.—In order to apply a written instrument to its subject it is competent to introduce parol evidence not inconsistent with the writing for that purpose, and further parol evidence may be introduced to rebut any difficulty or ambiguity introduced by such extrinsic evidence.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed November 17, 1885.

Messrs. DENT, BLACK & CRATTY BROS., for appellant; that the warehouse receipt executed by the company to appellant was in proper form to vest the title to the 80,000 pounds of paper in appellant as against said company and its assignee, and a recovery in trover for the conversion of the paper should have been adjudged, cited German National Bank v. Meadowcroft, 4 Bradwell, 630; German National Bank v. Meadowcroft, 95 Ill. 124; Jackson v. Anderson, 4 Taunt. 24; Whitehouse v. Frost, 12 East, 614; Woodell v. Coventry,. 2 Hurls. & Colt. 164; Gillette v. Hill, 2 Crompt. & Mees. 530; Hurff v. Hires,

Riebling v. Tracy.

40 N. J. Law, 581; Chapman v. Sheppard, 39 Conn. 413; Waldron v. Chase, 37 Me. 414; 1 Chitty on Pleadings, title Trover, page 146.

Messrs. FLOWER, REMY & GREGORY and Mr. H. K. TENNEY, for appellee; that on the sale of personal property where the subject of the sale is part of a mass of the same description the title does not vest in the vendee until the part sold is separated from the common mass, cited Hutchinson v. Hunter, 7 Penn. St. 140; Golden v. Ogden, 15 Id. 528; Haldeman v. Duncan, 51 Id. 66; McLaughlin v. Piatti, 27 Cal. 451; Horr v. Barker, 8 Id. 603; Courtright v. Leonard, 11 Iowa, 32; Cook v. Fagan, 7 Id. 142; Reeder v. Machem, 57 Md. 56; Murphy v. The State, 1 Ind. 366; Scott v. King, 12 Id. 203; Lacy v. Weaver, 49 Id. 373; Lester v. East, Ibid. 588; Ferguson v. North. Bank of Ky., 14 Bush, 555; Jennings v. Flannagan, 5 Dana, 217; Moss v. Meshew, 8 Bush, 187; May v. Hoaglan, 9 Id. 171; Newcomb v. Cabell, 10 Id. 460; Davis v. Hill, 3 N. H. 382; Messer v. Woodman, 22 Id. 172; Warren v. Buckminster, 24 Id. 141; Fuller v. Bean, 34 Id. 290; Gilman v. Hill, 36 Id. 311–20; Ackington v. Richey, 41 Id. 275; Bailey v. Smith, 43 Id. 141; Merrill v. Hunnewell, 13 Pick. 213; Young v. Austin, 6 Id. 279; Ropes v. Lane, 9 Allen, 502; Scudder v. Worcester, 11 Cush. 573; Keeler v. Goodwin, 111 Mass. 490; Galloway v. Week, 54 Wis. 604.

McALLISTER, J.   This was an action of trover by appellant, Riebling, against appellee, Tracy, to recover damages for the wrongful conversion by the latter of 80,000 lbs. of wrapping paper.   The case was tried upon the declaration and plea of not guilty, before the court, without a jury, resulting in a finding and judgment for the defendant, and the plaintiff brings the record to this court by appeal.

The undisputed facts in evidence were, that there was a corporation doing business in Chicago, known as the Consolidated Paper Company; that the plaintiff, Riebling, was a manufacturer of wrapping paper at Joliet, Ill., and had sold divers large quantities of his paper of ordinary weights and sizes to

said company; that February 1, 1884, said company was indebted to Riebling for paper he had sold and delivered to it, in the sum of $1,187.60, evidenced by acceptances of the company which had matured, and which the company, being embarrassed, was unable to pay; that about February 1, 1884, an oral agreement was entered into between the company, acting through its manager and authorized agent, and Riebling, to the effect that the latter should loan to the former the amount due on the acceptances, in money; should surrender to the company said matured acceptances, and take another for same amount payable in sixty days; and that, in order to secure Riebling, for such advance of money, he should have security upon 80,000 lbs. of wrapping paper of his own make, at one dollar and fifty cents per hundred, the paper then being in the possession of said company; that when this agreement came to be carried into execution, a new draft for the amount, payable in sixty days, was drawn by Riebling and accepted by the company; that the latter prepared a paper in the words and figures following:

" CHICAGO, Feb. 1, 1884.

" F. RIEBLING, Joliet, Ill.

" Bought of the Consolidated Paper Co.", 80,000 lbs. rag wrapping 150, 1200 ordinary weights and sizes.

" We hold above in trust for Mr. Riebling, in our basement, 53 and 55 Michigan avenue, as security for the payment of our renewal acceptance for $1,187.60, dated January 29, 1884.

" When said acceptance has been paid, or otherwise satisfactorily cared for by us, this bill of sale to be null and void; but until then, it shall remain in force for the protection of Mr. Riebling's interests.

" THE CONSOLIDATED PAPER Co.,

" By R. P. Dart, Mgr."

That Riebling surrendered the former acceptances, took the new one, paid over the money and took away said paper; that the company afterward, March 7, 1884, made an assignment, under the statute, to the defendant Tracy; that when said acceptance matured, there was wrapping paper in the defendant's hands, as such assignee, of Riebling's manufacture, more

than the requisite quantity mentioned in said agreement, and there were also divers large quantities of other and different manufacturers' products; that Riebling caused the defendant, as such assignee, to be informed of his rights in said paper, and demanded the 80,000 pounds of him; that the defendant refused to comply, asserted his right and declared his intention to sell all of the paper so in his possession.

Upon the foregoing facts the court below found for the defendant, and the question is, were they sufficient to establish a cause of action in trover?

There is no evidence tending to show that the defendant, Tracy, had any other property in the goods than that acquired by virtue of the assignment by the paper company. By that he was simply placed in the shoes of his assignee, subject to the performance of certain trusts, and had no right as such assignee superior to those of his assignor, but was bound to recognize any liens or rights upon or in the property in question, in favor of third persons, which were good as against the paper company. In this aspect the case is to be considered the same as if such paper company had been the defendant instead of its assignee. This view is not controverted by appellee's counsel. But they make the point that, inasmuch as the 80,000 pounds of paper mentioned in the receipt had not, at any time before the assignment to defendant, been separated from other masses of paper in the warehouse of the paper company, no title to any specific quantity of paper ever passed to Riebling, so as to warrant a recovery in trover. The evidence shows that the paper which Riebling had sold and delivered to the company, and of his own make, was kept by the company in its warehouse distinct, and therefore distinguishable, from the paper obtained from other manufacturers, and that his paper was of ordinary weights and sizes. From the receipt which the company gave Riebling, it is entirely clear that the intention of the parties at the time was that the title to 80,000 pounds of paper then in the possession of the company should pass from the latter to him, without any act on the part of the company or him by way of weighing or separation. But neither a court or jury could ascertain from the face of the

receipt what wrapping paper it was intended should comprise the 80,000 pounds. The only designation was that it was ordinary weight and sizes. In order to apply the instrument to its subject, it was competent to introduce parol evidence not inconsistent with the writing for that purpose.

In Taylor on the Law of Evidence, Vol. 2, § 1082, it is said: " It may be laid down as a broad and distinct rule of law, that extrinsic evidence of every material fact which will enable the court to ascertain the nature and qualities of the subject-matter of the instrument, or, in other words, *to identify the persons and things* to which the instrument refers, must of necessity be received." Atkinson v. Cummins, 9 How. (U. S.) 479. In Noonan v. Lee, 2 Black, 504, the court said: " Parol evidence not inconsistent with a written instrument, is admissible to apply such instrument to its subject." 1 Greenlf. on Ev., § 288; McDonald v. Longbottom, 1 Ellis & Ellis, 977.

Parol evidence was admitted without objection below, or here, which showed that it was paper of Riebling's own make that was the subject-matter of the receipt or instrument in writing. When the nature and situation of the different masses of paper in the warehouse of the company were shown by parol evidence, a difficulty arose in applying the words of the receipt to the subject-matter, and it was competent to introduce further parol evidence to remove that difficulty and explain what was the subject-matter really intended. Miller v. Travers, 8 Bingham, 244. In that case, Tindal, Ch. J., stated the rule thus: " In all cases where a difficulty arises in applying the words of a will or deed to the subject-matter of the devise or grant, the difficulty or ambiguity which is introduced by the admission of extrinsic evidence may be rebutted or removed by the production of further evidence upon the same subject, calculated to explain what was the estate or subject-matter really intended to be granted or devised."

The parol evidence in the case at bar, clearly shows that 80,000 lbs. of the paper of Riebling's own make was the paper which it was intended the receipt should cover. That being the case, we can perceive no difficulty in maintaining trover, although it be conceded that no particular 80,000 lbs. was sep-

arated from a lot or mass comprising a larger quantity. Riebling's paper was uniform as to quality and value, and when the defendant was notified of the facts upon which plaintiff's right was based, and a demand was made upon him to deliver it to plaintiff, the defendant, having the paper in his possession and control, not only refused to comply, but asserted both his right and intention to sell it all. That constituted a wrongful conversion of plaintiff's 80,000 lbs., just as much as if he had actually sold the whole mass or lot of paper of plaintiff's make. Under the facts in evidence, we are of opinion that trover can be maintained for the 80,000 lbs., although that quantity had not been separated from the bulk. German Nat. Bank of Chicago v. Meadowcroft, 4 Bradwell, 630 ; S. C. affirmed in 95 Ill. 124.

The judgment of the court below will be reversed, and the cause remanded.

Judgment reversed.